FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 2 4 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Darren Udd and Amy Udd

    Plaintiffs,

v.

City of Phoenix,

    Defendant.

No. CV-18-01616-PHX-DWL

**VERDICT FORM**

**(Redacted)**

A. **TITLE VII – DISPARATE TREATMENT (Darren Udd)**

1. Do you find that any of the following things done by the City of Phoenix were "adverse employment actions"?

   a. Submitting Darren Udd to the Maricopa County Attorney's Office for prosecution for time theft.
   Yes ___ No ✓

   b. Assigning Darren Udd to at-home administrative leave during the City of Phoenix's SID investigation for alleged time theft.
   Yes ___ No ✓

   c. Removing Darren Udd from the Standby and Callout rotations and no longer assigning him new homicide investigations.
   Yes ✓ No ___

   d. Removing Darren Udd from his position as a homicide detective after the September 1, 2017 turndown for prosecution by the Maricopa County Attorney's Office.
   Yes ✓ No ___

   e. Assigning Darren Udd to work in the callback department.
   Yes ✓ No ___

   f. Reopening or continuing the PSB investigation of Darren Udd for alleged unaccounted hours after he resigned.
   Yes ___ No ✓

   g. Causing Darren Udd's constructive discharge.
   Yes ___ No ✓

If the answer to *any* of the questions in No. A(1) is "yes," proceed to Question No. A(2). If the answer to *all* of the questions in No. A(1) is "no," do not answer any further questions on Title VII – Disparate Treatment and proceed to Part B of the verdict form.

2. Has Darren Udd proved by a preponderance of the evidence that his sex was the sole reason for the City of Phoenix's adverse action(s)?

_____          ✓
Yes                No

If the answer to Question No. A(2) is "yes," proceed to Question No. A(6).
If the answer to Question No. A(2) is "no," proceed to Question No. A(3).

3. Has Darren Udd proved by a preponderance of the evidence that Darren Udd's sex was a motivating factor in the City of Phoenix's adverse action(s)?

_____          ✓
Yes                No

If the answer to Question No. A(3) is "yes," proceed to Question No. A(4).
If the answer to Question No. A(3) is "no," do not answer any further questions on Title VII – Disparate Treatment and proceed to Part B of the verdict form.

4. Has the City of Phoenix proved by a preponderance of the evidence that its adverse action(s) was/were also motivated by a lawful reason?

_____          _____
Yes                No

If the answer to Question No. A(4) is "yes," proceed to Question No. A(5).
If the answer to Question No. A(4) is "no," proceed to Question No. A(6).

- 3 -

5. Has the City of Phoenix proved, by a preponderance of the evidence, that the City of Phoenix would have done the same adverse action(s) even if Darren Udd's sex had played no role in the adverse action(s)?

_____        _____
Yes             No

If the answer to Question No. A(5) is "yes," do not answer any further questions on Title VII – Disparate Treatment and proceed to Part B of the verdict form.
If the answer to Question No. A(5) is "no," proceed to Question No. A(6).

6. What amount of money, if any, would reasonably and fairly compensate Darren Udd for the harm caused by the City of Phoenix's actions?

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future: $_____

The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, lost up to the present time: $_____

The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities that with reasonable probability will be lost in the future: $_____

Nominal damages: $_____

B. **DEFAMATION (Darren and Amy Udd)**

1. Do you find that the City of Phoenix defamed Amy and/or Darren Udd in any of the following communications?

Statement 1: Do you find that the City defamed Darren Udd when it included the following statements in the incident report submitted to the Maricopa County Attorney's Office: (a) Darren Udd is listed as an arrested person; and/or (b) Mr. Udd has 221 unaccounted hours.

✓
_____                    _____
Yes                            No

Statement 2: Do you find that the City defamed Darren Udd when it included the following statement in the release questionnaire submitted to the Maricopa County Attorney's Office: Mr. Udd is listed as an employee under "Crimes of Violence."

✓
_____                    _____
Yes                            No

Statement 3: Do you find that the City defamed Darren Udd when it submitted the parking pass Incident Report to the Glendale City Prosecutor's Office for consideration for prosecution containing an indication that he had been arrested.

✓
_____                    _____
Yes                            No

Statement 4: Do you find that the City defamed Darren Udd when it sent the Incident Reports and the PSB Report to MCAO for consideration for his inclusion on the *Brady* List that contained the following statements: (a) Mr. Udd failed to complete his full duty shifts during his scheduled duty hours; (b) Mr. Udd "agreed" that he did not work his duty shifts; (c) there were 580 unaccounted hours between October 26, 2015 and October 23, 2016; and/or (d) Mr. Udd's conduct constitutes a Class III violation, neglect of duty.

_____         ✓ _____

Yes                       No

Statement 5: Do you find that the City defamed Darren Udd when it notified AZ POST of his separation from the Department by stating "Misconduct – Yes – Criminal Offenses" and by submitting the Incident Reports and the PSB Report that contained the following statements: (a) Mr. Udd failed to complete his full duty shifts during his scheduled duty hours; (b) Mr. Udd "agreed" that he did not work his duty shifts; (c) there were 580 unaccounted hours between October 26, 2015 and October 23, 2016; and (d) Mr. Udd's conduct constitutes a Class III violation, neglect of duty.

✓ _____        _____

Yes                       No

Statement 6: Do you find that the City defamed Amy Udd when it submitted the parking pass Incident Report to the Glendale City Prosecutor's Office for consideration for prosecution containing an indication that she had been arrested.

✓ _____        _____

Yes                       No

If the answer to **any** of the questions in No. B(1) is "yes," proceed to Question No. B(2). If the answer to **all of** the questions in No. B(1) is "no," do not answer any further questions on Defamation and proceed to Part C of the verdict form.

- 6 -

2. For each statement you found to be defamatory, did you find actual damages caused by that statement? *If you found that a statement was not defamatory, you must consider that statement to be inactive. You **may not** answer "yes" to that statement below.*

Statement 1: Yes ✓ No ____
Statement 2: Yes ✓ No ____
Statement 3: Yes ✓ No ____
Statement 4: Yes ____ No X  Inactive
Statement 5: Yes ✓ No ____
Statement 6: Yes ✓ No ____

**Regardless** of your answer to Question No. B(2), proceed to Question No. B(3).

3. If you found that Plaintiff was defamed by a statement, do you find that the existence of damages should be presumed because the statement imputes a criminal offense punishable by imprisonment or regarded by public opinion as involving moral turpitude? *If you found that a statement was not defamatory, you must consider that statement to be inactive. You **may not** answer "yes" to that statement below.*

Statement 1: Yes ✓ No ____
Statement 2: Yes ✓ No ____
Statement 3: Yes ✓ No ____
Statement 4: Yes ____ No ____  Inactive
Statement 5: Yes ✓ No ____
Statement 6: Yes ✓ No ____

If you found actual or presumed damages from **any** surviving statement, proceed to Question No. B(4).

If you found **no** actual or presumed damages from **any** surviving statement, do not answer any further questions on Defamation and proceed to Part C of the verdict form.

4. *If you found that the City defamed Amy or Darren, and Amy and Darren proved actual damages, or damages are presumed, was the statement subject to absolute privilege? If you found that a statement was not defamatory, or you found that there were no actual or presumed damages, you must consider that statement to be inactive. You **may not** answer "yes" to that statement below.*

Statement 1: Yes ✓ No ____
Statement 2: Yes ✓ No ____
Statement 3: Yes ✓ No ____
Statement 4: Yes ____ No ____ INACTIVE
Statement 5: Yes ____ No ✓
Statement 6: Yes ✓ No ____

If you found **at least one** surviving statement is **not** subject to absolute privilege, proceed to Question No. B(5).

If you found that **every** surviving statement **was** subject to absolute privilege, do not answer any further questions on Defamation and proceed to Part C of the verdict form.

5. If you found that a surviving statement was not subject to absolute privilege, was it subject to conditional privilege? *If you found that a statement was not defamatory, or you found that there were no actual or presumed damages, or you found that the statement was absolutely privileged, you must consider that statement to be inactive. You **may not** answer "yes" to that statement below.*

Statement 1: Yes ____ No __✓__ inactive
Statement 2: Yes ____ No __✓__ inactive
Statement 3: Yes ____ No __✓__ inactive
Statement 4: Yes ____ No __✓__ inactive
Statement 5: Yes __✓__ No ____
Statement 6: Yes ____ No __✓__ inactive

If you found that **at least one** surviving statement **is** subject to conditional privilege, proceed to Question No. B(6).

If you found that **every** surviving statement **is not** subject to conditional privilege, proceed to Question No. B(7).

6. If you found that a statement was subject to conditional privilege, do you find that the City knew that the statement was false, or that the City acted with a reckless disregard of whether the statements were true or false?

Statement 1: Yes \_\_\_\_ No ✓ inactive
Statement 2: Yes \_\_\_\_ No ✓ inactive
Statement 3: Yes \_\_\_\_ No ✓ inactive
Statement 4: Yes \_\_\_\_ No ✓ inactive
Statement 5: Yes \_\_\_\_ No ✓
Statement 6: Yes \_\_\_\_ No ✓ inactive

If you found that **any** surviving statement was subject to conditional privilege, and you **did not** find that the City acted with knowledge of **that** statement's falsity or with reckless disregard as to its truth or falsity, that statement is privileged and should be considered inactive. You must write "none" in the box following that statement number in Question No. B(7).

If you found that **all** surviving statements are subject to conditional privilege, and **did not** find the City acted with knowledge of **any** statement's falsity or with reckless disregard as to its truth or falsity, do not answer any further questions on Defamation and proceed to Part C of the verdict form.

7. What amount of money, if any, would reasonably and fairly compensate Amy and/or Darren Udd for the harm caused by the defamatory statement? *None*

*If you found that a statement was not defamatory, or you found that there were no actual or presumed damages, or you found that the statement was privileged, you must consider that statement to be inactive. You **must** write "NONE" in the box following that statement number.*

Statement 1:
    Reputational harm damages: $_____
    Emotional distress damages: $_____
    Economic damages: $_____

Statement 2:
    Reputational harm damages: $_____
    Emotional distress damages: $_____
    Economic damages: $_____

Statement 3:
    Reputational harm damages: $_____
    Emotional distress damages: $_____
    Economic damages: $_____

Statement 4:
    Reputational harm damages: $_____
    Emotional distress damages: $_____
    Economic damages: $_____

Statement 5:
    Reputational harm damages: $ *None*
    Emotional distress damages: $ *None*
    Economic damages: $ *None*

Statement 6:

 Reputational harm damages: $_____

 Emotional distress damages: $_____

 Economic damages:    $_____

C. **LOSS OF CONSORTIUM (Amy Udd)**

1. Did you find in favor of Darren Udd on *any* of his defamation claims?

  _____      ✓

  Yes         No

If the answer to Question No. C(1) is "yes," proceed to Question No. C(2).

If the answer to Question No. C(1) is "no," do not answer any further questions on Loss of Consortium. Please sign and date this verdict form.

2. Do you find that Amy Udd lost consortium with her husband, Darren Udd, as a result of the actions of the City in connection the defamation claim(s) on which he has prevailed?

  _____      _____

  Yes         No

If your answer to Question No. C(2) is "yes," proceed to Question C(3)

If your answer to Question No. C(2) is "no," do not answer any further questions on Loss of Consortium. Please sign and date this verdict form.

3. What is the amount of damages you believe Plaintiff Amy Udd is entitled to on her Loss of Consortium Claim?

Write the amount of damages Amy Udd should be awarded: $_____

**PLEASE SIGN AND DATE THIS VERDICT FORM ON THE LINES PROVIDED BELOW. YOU ARE FINISHED WITH THIS VERDICT FORM.**

Date _Sept 24, 2021_

Foreperson Name (Printed) _Juror #8_

Foreperson (Signature) _____